UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEROY GAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09-CV-52 (CEJ) |
| | ) | |
| JOHN E. POTTER, | ) | |
| POSTMASTER GENERAL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the defendant's motion for summary judgment. Plaintiff has filed a response in opposition to the motion and the issues are fully briefed.

Plaintiff Leroy Gage is employed by the United States Postal Service. He alleges that he has been subjected to unlawful treatment on the basis of his age, gender, race, disabilities, and in retaliation for engaging in protected activity. Plaintiff asserts claims pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-5, *et seq.*, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633, and the Rehabilitation Act, 29 U.S.C. § 794. Defendant moves for summary judgment, arguing that plaintiff's claims are barred by *res judicata* and collateral estoppel or, alternatively, that plaintiff cannot satisfy the requirements of a *prima facie* case or establish that its legitimate, nondiscriminatory reasons for its employment decisions were a pretext for improper conduct.

I.  **Background**

Plaintiff, an African-American, was born in 1942. He has worked for the United States Postal Service since December 1993. At all times relevant to the present

dispute, he has been assigned as a T-6 Letter Carrier at Weathers Station in St. Louis, Missouri.

In 2005, plaintiff fell while delivering mail and sprained his right knee and hip. He presently experiences pain in his right knee and hip and suffers from diabetes, arthritis, hypertension, and a bulging disc. Plaintiff states that these conditions restrict his ability to climb stairs and drive for prolonged periods of time.

On March 5, 2008, plaintiff was examined for fitness for duty. The physician found that plaintiff is restricted from standing or walking more than one or two hours at a time or lifting more than ten pounds.[1] The examining physician did not make a finding with respect to whether plaintiff's restrictions were related to his 2005 injury. On several occasions, plaintiff's supervisors have sent him home before the completion of his shift, telling him that they have no work within his restrictions. In May 2008, plaintiff's duty assignment was changed from "City Carrier Technician" to "Unassigned Regular City Carrier Technician" based upon his inability to perform his full duties.

On July 11, 2008, plaintiff filed a Notice of Recurrence of Disability based on his allegations of pain in his right knee and hip, which he attributed to the 2005 injury. On September 23, 2008, the Office of Workers' Compensation Programs (OWCP) denied plaintiff's claim, finding that his knee condition existed before 2005 and his current ailments were not a recurrence of the 2005 injury. Postal employees with work restrictions arising from non-work related injuries are not guaranteed any number of hours of work. In correspondence with the president of his local union branch, plaintiff

---

[1] Defendant asserts that the duties of a letter carrier require walking up to eight hours and standing up to two hours; plaintiff claims that a letter carrier's duties require walking for up to five hours. This is not a material dispute, in light of petitioner's restrictions.

was told that he could submit a written request to management to find him light-duty assignments within his restrictions.

Plaintiff filed union grievances regarding the early termination of his shifts. The resolution team found that the labor agreement was not violated because plaintiff delayed submitting proper medical documentation and, once he had provided the documentation, refused to submit a written request for a light duty assignment. Plaintiff continues to refuse to make the request.

II. <u>Legal Standard</u>

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. <u>AgriStor Leasing v. Farrow</u>, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986); <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

III. <u>Discussion</u>

Plaintiff claims that his shift assignments and his duty reclassification are improperly motivated by his race, age, gender, disabilities, and were made in retaliation for engaging in protected activity. In 2006, plaintiff brought a Title VII action against the Postal Service in which he asserted similar claims with respect to being ordered "off the clock" before the end of his shift. See Gage v. Potter, 2008 WL 4332202 (E.D. Mo. Sept. 17, 2008). In that case, summary judgment was entered in favor of the defendant. Defendant argues that the present action is barred by operation of *res judicata* and collateral estoppel. Because the Court determines that plaintiff's claims fail on their merits, it is unnecessary to determine whether the 2006 action bars a new suit based on subsequent employment actions.

To establish a *prima facie* case under Title VII and the ADEA, plaintiff must show that: (1) he is a member of a protected class; (2) he was meeting his employer's legitimate job expectations; (3) he suffered an adverse employment action; and (4) similarly-situated employees outside the protected class were treated differently. Shanklin v. Fitzgerald, 397 F.3d 596, 602 (8th Cir. 2005). Plaintiff challenges his supervisors' practice of sending him home before the completion of his scheduled shift due to an alleged lack of work within his medical restrictions. Plaintiff claims that his supervisors allowed the following employees to work full shifts: Darryl Crouch, who is a Caucasian man, and Tize Williams, Rosemary Watson, and Vernice Hill, who are African-American women. Plaintiff alleges that these employees were similarly situated to him, and that all were "much younger" than he. Clearly, plaintiff cannot base his race and gender discrimination claims on a comparison with individuals who are inside

the protected classes. In addition, defendant has proffered evidence that plaintiff is not similarly-situated with respect to these other employees because they requested light duty or were found to have work-related injuries. Plaintiff does not dispute that these factors are relevant to shift assignments. Additionally, plaintiff confirms that he has not requested light duty. He argues that his injuries are job-related, but that claim was decided against him by the OWCP. Thus, plaintiff's claims of race, gender and age discrimination are not supported by the evidence.

In order to establish a retaliation claim, plaintiff must show that: (1) he engaged in protected activity; (2) an adverse employment action was taken against him; and (3) there was a causal connection between the two. Turner v. Gonzalez, 421 F.3d 688, 696 (8th Cir. 2005). Assuming plaintiff meets the *prima facie* burden, if defendant articulates a legitimate nonretaliatory reason for its employment decisions, plaintiff must show pretext. Takele v. Mayo Clinic, 576 F.3d 834, 839 (8th Cir. 2009). Plaintiff cannot establish pretext – the undisputed evidence establishes that his supervisors send plaintiff home early because he has restrictions that prevent him from completing the full range of work and they do not have sufficient work within his restrictions to occupy an entire shift. Defendant asserts, and plaintiff does not dispute, that plaintiff will remain in this undesirable position until he requests permanent assignment to light-duty status.

Plaintiff's disparate treatment claim under the Rehabilitation Act requires him to establish that: (1) he is disabled; (2) he is qualified to perform his essential job functions with or without accommodation; and (3) he suffered an adverse action due to his disability. Buboltz v. Residential Advantages, Inc., 523 F.3d 864, 868 (8th Cir. 2008). Setting aside the question of whether plaintiff can establish the first two elements of his claim, the record before the Court establishes that plaintiff has been

advised, repeatedly, to request assignment to light duty status but has refused to do so. Given this fact, plaintiff cannot establish that he has suffered an adverse employment action because of his disability. This fact is also fatal to plaintiff's claim that defendant has refused to accommodate his disability. See Peebles v. Potter, 354 F.3d 761, 768-69 (8th Cir. 2004) (postal employee's failure to comply with requirement that he substantiate ongoing disability bars accommodation claim).

Finally, plaintiff argues that he should be considered as injured on the job .[2] The Office of Worker's Compensation Programs denied this claim and the Court does not have jurisdiction to review its determination. See 5 U.S.C. § 8128(b) ("The action of the Secretary . . . in allowing or denying a payment . . . is (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise."); Czerkies v. United States Dept. of Labor, 73 F.3d 1435, 1441 (7th Cir. 1996) (§ 8128 bars judicial review of claim that secretary of labor committed error of fact or law).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant John E. Potter for summary judgment [Doc. #13] is **granted**.

_____
CAROL E. JACKSON

---

[2]The postal service distinguishes between those employees with work restrictions arising from a recognized on-the-job injury (*i.e.*, "limited duty" employees) and employees with restrictions arising from an illness or accident that occurred outside of work (*i.e.*, "light duty" employees). See Peebles v. Potter, 354 F.3d 761, 764 n.4 (8th Cir. 2004). Employees on light-duty status are not guaranteed any number of hours per day or per week.

UNITED STATES DISTRICT JUDGE

Dated this 31st day of December, 2009.